[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs filed a complaint against the Stratford Board of Education, et al, on November 3, 1988. On May 3, 1989 the defendants moved to implead third-party defendant Rol-Fol Table, Inc. (hereinafter "Rol-Fol"). Defendants' motion was granted and on June 15, 1989 the third-party defendant (Rol-Fol) filed its appearance.
On August 8, 1989 plaintiffs moved to amend their complaint pursuant to Connecticut Practice Book 117 and Conn. Gen. Stats.52-102a to assert a claim against Rol-Fol. Rol-Fol objected to the plaintiffs' motion to amend their complaint and the court, Thompson, J. sustained the objection on October 30, 1989 because the plaintiffs had not filed their motion within the statutory twenty-day period required by Conn. Gen. Stats.52-102a(c).
On October 31, 1989, plaintiffs moved to cite in Rol-Fol as a party defendant and the court, Jones, J., granted the motion. The court "ordered the plaintiff to amend their complaint to state facts against Rol-Fol." Connecticut Practice Book 103 CT Page 4654 permits the filing of motions to cite in or admit new parties. The plaintiffs' amended complaint, dated October 31, 1989 and revised as of October 11, 1990, included count eight which was directed towards Rol-Fol. On November 5, 1990, defendant Rol-Fol filed an Answer and Special Defense dated November 2, 1990, which was later revised on February 19, 1991 and April 5, 1991. On April 1, 1991, the plaintiffs filed a motion to strike defendant Rol-Fol's revised third special defense. The defendant Rol-Fol filed its memorandum in opposition on April 8, 1991.
"Whenever any part wishes to contest . . . (5) the legal sufficiency of any answer . . . or any part of that answer including any special defense contained therein, that part may do so by filing a motion to strike the contested pleading or part thereof." Connecticut Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142 (1989).
Connecticut General Statutes 52-102a entitled, "Impleading of third party by defendant. . ." states that the
 plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint, and the third-party defendant, as against such claim shall have available to him all remedies available to an original defendant including the right to assert set-offs or counterclaims against the plaintiff.
C.G.S. 52-102a(c) (emphasis added).
Rol-Fol is a third-party defendant to this action under the impleader statute, Conn. Gen. Stats. 52-102a(c) (which was exercised by the third-party plaintiff) and Rol-Fol is an additional defendant under Practice Book 103 (which was exercised by the plaintiff).
Plaintiffs were unable to assert a claim under 52-102a
because the statutory time period had expired, however, they have successfully overcome this obstacle by citing in Rol-Fol as an additional defendant. Rol-Fol's third special defense states that 52-102a(c) is a bar to the plaintiffs' allegations in the amended complaint because the action was not asserted within the statutory time limits. This defense fails to state a valid defense to the plaintiffs' claims. The plaintiffs' motion to CT Page 4655 strike the third special defense is granted.
McKEEVER, JUDGE